# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

MAURICE ANDERSON                                               CIVIL ACTION

VERSUS                                                         No. 23-6735

TIM HOOPER, ET AL.                                             SECTION I

## ORDER AND REASONS

Before the Court is *pro se* petitioner Maurice Anderson's ("Anderson") motion[1] for reconsideration of this Court's judgment.[2] For the reasons that follow, the Court denies Anderson's motion.

## I. BACKGROUND

This case arises out of Anderson's conviction for theft and simple battery and his subsequent sentence as a habitual offender.[3] In November 2023, Anderson filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging various errors.[4]

On July 18, 2024, U.S. Magistrate Judge Roby issued a report and recommendations[5] recommending that Anderson's petition be dismissed with prejudice. The report and recommendations set the deadline to file written objections to the proposed findings, conclusions, and recommendation contained therein as

---

[1] R. Doc. No. 43.
[2] R. Doc. No. 39.
[3] R. Doc. No. 5, at 1–2.
[4] R. Doc. No. 5.
[5] R. Doc. No. 28.

fourteen days after being served with the order.[6] Thereafter, Anderson filed several motions[7] for extensions of time to file objections, and the Court granted several extensions.[8]

Finally, on October 8, 2024, the Court granted a final extension[9] in part, giving Anderson until October 24, 2024 to file his objections and stating that no additional requests for an extension would be granted. On October 30, 2024, having not received Anderson's written objections, the Court issued an order[10] adopting the report and recommendations and issued a judgment[11] in favor of the respondents.

On November 7, 2024, the Court received Anderson's written objections,[12] which was postmarked with the date October 24, 2024—the date of Anderson's deadline to file objections. On December 10, 2024, the Court further received Anderson's present motion[13] for reconsideration, which asks that the Court consider his written objections. The motion for reconsideration was postmarked with the date November 22, 2024.[14] Anderson likewise filed a notice[15] of appeal in this case, which was postmarked on December 5, 2024 and received by the Court on December 9, 2024.

---

[6] *Id.* at 70.
[7] R. Doc. Nos. 29, 31, 34, 36.
[8] R. Doc. Nos. 30, 33, 35.
[9] R. Doc. No. 35.
[10] R. Doc. No. 38.
[11] R. Doc. No. 39.
[12] R. Doc. No. 41.
[13] R. Doc. No. 43.
[14] *Id.* at 2.
[15] R. Doc. No. 42.

## II. LAW & ANALYSIS

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, "such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). While a "Rule 60(b) motion does not toll the running of time for filing a notice of appeal[,] . . . a timely filed Rule 59(e) motion does." *Id.*

However, to avoid confusion over whether the appellate courts have jurisdiction to entertain an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(4), the Fifth Circuit has clarified that motions to alter or amend a judgment that are filed within twenty-eight[16] days after the entry of the judgment and are not to correct clerical errors "must, however designated by the movant, be considered as a Rule 59(e) motion." *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986); *see also Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004) (restating this holding). Motions that are untimely under Rule 59(e) must be considered pursuant to Rule 60(b). *Shepherd*, 372 F.3d at 327 n.1.

"Under the prison mailbox rule . . . , a pro se prisoner's court document is deemed to have been filed on the date that the prisoner delivers it to prison

---

[16] The authority cited herein states that the rule applies to motions filed within ten days, reflecting the timeliness requirement for Rule 59(e) motions that existed at the time. *See Harcon Barge Co.*, 784 F.2d at 667. The rule has since been amended to give parties twenty-eight days to file the motion. *See* Fed. R. Civ. P. 59(e).

authorities for mailing to the district court, rather than the date it is received by the court clerk." *Huskey v. Fisher*, 601 F. Supp. 3d 66, 75 (N.D. Miss. 2022). The prison mailbox rule applies to many submissions by *pro se* inmates, including Rule 59(e) motions. *Uranga v. Davis*, 893 F.3d 282 (5th Cir. 2018).

Following the prison mailbox rule, the Court considers Anderson's motion for reconsideration to have been filed on or before November 22, 2024—the date the motion was postmarked—rather than the date that it was received by the Court. Anderson filed his motion for reconsideration within twenty-eight days of the Court's judgment.[17] Accordingly, a Rule 59(e) analysis is appropriate. The Court construes Anderson's motion for reconsideration as a motion to alter or amend the judgment pursuant to Rule 59(e).[18] And the Court therefore retains jurisdiction to decide Anderson's motion despite his notice of appeal.[19]

A motion pursuant to Rule 59(e) "calls into question the correctness of a judgment." *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 328 (5th Cir.

---

[17] The Court issued its judgment on October 30, 2024. R. Doc. No. 39. The postmark date reveals that Anderson filed his motion for reconsideration by delivering it to prison authorities on or before November 22, 2024, R. Doc. No. 43, which is twenty-three days after the Court's judgment.

[18] The Court construes these filings liberally as they were filed *pro se*. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[19] Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective . . . when the order disposing of the last such remaining motion is entered." One of the motions listed in Rule 4(a)(4)(A) is a motion "to alter or amend the judgment under Rule 59." According to the Fifth Circuit, "the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court," "regardless of whether the motion was filed before or after the notice of appeal." *Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005).

2017) (citations omitted). "Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

"Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018).

District courts have broad discretion to decide whether to reopen a matter in response to a motion for reconsideration. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990). However, such discretion is not limitless. *Id.* A court must consider the dual needs of finality and "the need to render just decisions on the basis of all the facts." *Id.*

Just as the prison mailbox rule applies to Anderson's Rule 59(e) motion, it likewise applies to determine whether Anderson's written objections to the report and recommendations was timely. The prison mailbox rule requires that "a pro se prisoner's written objections to a magistrate's report and recommendations must be

deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court," regardless of when the court itself receives the objections. *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). Because Anderson's written objections were postmarked on October 24, 2024, the Court concludes that Anderson forwarded his objections to prison officials and thereby filed his objections on or before the Court's deadline of October 24, 2024. Because they were filed timely, the Court considers Anderson's objections.

After reviewing Anderson's objections, the Court concludes that Anderson has failed to apprise the Court of any manifest errors of law or fact in the report and recommendations or present newly discovered evidence. The Court therefore declines to vacate its judgment.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Anderson's motion to reconsider is **DENIED**.

New Orleans, Louisiana, December 11, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**